Filed 8/27/20  P. v. Luciozamudio CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058851 |
| v. | (Super. Ct. No. 11NF3721) |
| EDGAR SALVADOR LUCIOZAMUDIO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Edgar Salvador Luciozamudio, appeals from the trial court's summary denial of his petition for resentencing (Petition) under Penal Code section 1170.95 (section 1170.95), enacted as part of Senate Bill 1437 (SB 1437).

In 2014, a jury convicted defendant of second degree murder, and the trial court sentenced him to 15 years to life in prison.

In 2019, defendant filed the Petition seeking resentencing. The trial court denied the Petition stating: "The petition does not set forth a prima face case for relief under the statute. A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder or defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors. 'The court shall review the petition and determine if the petitioner has made a prima facie case showing that the petitioner falls within the provisions of this section.' (Pen. Code, Section 1170.95(c).)"

We appointed counsel to represent defendant on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised the court he found no arguable issues to assert on defendant's behalf. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.) Counsel and this court notified defendant he could file a supplemental brief on his own behalf. However, we received no supplemental brief from him and the time to file one has passed.

To assist us in our independent review, counsel suggested we consider the following issues:

1. Did the trial court err by failing to appoint counsel for defendant to litigate his eligibility for relief under SB 1437?

2. Did the trial court deny defendant his statutory right to present additional legal argument and evidence by summarily denying the Petition based on its review of the court file?

2

3. Did the lower court err by conducting the hearing on the Petition outside his presence and by failing to obtain a waiver of his right to be present at that hearing?

4. Did the failure to follow the procedures outlined in section 1170.95 and the resulting denial of the Petition constitute prejudicial error?

## DISCUSSION

We have independently reviewed the record according to our obligations under *Anders v. California, supra*, 386 U.S. 738 and *People v. Wende, supra*, 25 Cal.3d 436, but found no arguable issues on appeal, including the issues suggested by counsel.

SB 1437 was enacted to "'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder . . . .'" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723, quoting Stats. 2018, ch. 1015, § 1, subd. (f).) SB 1437 added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a).)

We affirmed defendant's conviction on direct appeal. (*People v. Zamudio* (May 27, 2015, G049889) [nonpub. opn.].) Our opinion recites a lengthy description of the evidence presented to the jury upon which it found beyond a reasonable doubt that defendant murdered Ricardo Rios as a direct perpetrator. The record proves defendant was neither prosecuted nor convicted of felony murder or murder under a natural and probable consequences theory. Thus, we conclude the court correctly determined, based on the record of conviction in defendant's case and contrary to the Petition, that defendant was not eligible for relief under section 1170.95 as a matter of law.

The trial court did not err by failing to appoint counsel for defendant to litigate his eligibility for relief under section 1170.95, or by summarily denying the Petition based on its review of the court file. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 327-333, review granted Mar. 18, 2020, S260493.)

3

The trial court did not "conduct any hearing" on the Petition outside defendant's presence. Instead it considered the Petition as chambers work, without any appearances, and based on its review of the Petition and the court file. So the trial court did not err by failing to obtain a waiver of defendant's right to be present.

In sum, the trial court followed the procedures outlined in section 1170.95. Thus, counsel's assessment there were no arguable issues to raise was manifestly correct. And nothing revealed by our own independent review of the record suggests otherwise.

## DISPOSITION

The order is affirmed.


THOMPSON, J.

WE CONCUR:


ARONSON, ACTING P. J.


IKOLA, J.

4